**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25955-CIV-ALTONAGA**

**ANGEL PADRON LORENZO,**

Petitioner,

v.

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER**, *et al.*,

Respondents.

_______________________________________/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On August 28, 2026, Petitioner, Angel Padron Lorenzo filed a Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1], challenging his detention at the Krome North Service Processing Center in Miami, Florida. (*See generally id.*). On September 3, 2026, Respondents filed a Response [ECF No. 6] advising that Petitioner had been transferred to Winn Correctional Center in Winnfield, Louisiana. (*See id.* 3 (citation omitted)). Winnfield, Louisiana is in the Winn Parish, which lies in the Western District of Louisiana. 28 U.S.C. § 98(c). Petitioner's transfer calls into question the Court's jurisdiction over the Petition.

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). When a petitioner challenges his confinement, only the petitioner's "immediate custodian[] . . . is the proper respondent" in a section 2241 proceeding. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (alterations added). That said, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction

and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 (citation omitted). Thus, for the Court to have jurisdiction over this action, there must be a respondent within the Southern District of Florida empowered to release Petitioner should the Petition be granted.

On September 24, 2026, the Court entered an Order [ECF No. 8] directing the parties to file memoranda addressing: (1) whether an appropriate respondent with authority to effectuate Petitioner's release resides in this District; (2) whether an appropriate respondent resides in the Western District of Louisiana and (3) whether transfer of this case to the Western District of Louisiana is appropriate. (*See id.* 2–3). By September 30, 2026, the parties complied. (*See* Pet.'s Mem. [ECF No. 9]; Resps.' Mem. [ECF No. 10]).

Petitioner acknowledges his immediate custodian does not reside in this District. (*See* Pet.'s Mem. 2–3). Petitioner insists that the Court may continue to exercise jurisdiction because two named Respondents — the Attorney General and Department of Homeland Security Secretary — have legal authority to effectuate his release. (*See id.*). True, the Attorney General and the Department of Homeland Security Secretary have "ultimate[] responsib[ility]" for Petitioner's detention. *Lopez Vasquez v. Cerna*, No. Civ-26-147, 2026 WL 2925330 (W.D. Okla. Sept. 29, 2026) (alteration added; citations omitted). And this might render them appropriate respondents in a section 2241 action if "very unusual" circumstances are present. *Moody v. U.S. Att'y Gen.*, 730 F. App'x 851, 853 (11th Cir. 2018); *see also Parker v. Hazelwood*, No. 17-cv-484, 2019 WL 4261832, at *4 (D.N.H. Sept. 9, 2019) (explaining unusual circumstances might be present where a petitioner is detained at an unknown location or where the government repeatedly moves a petitioner to manipulate jurisdiction (citation omitted)). Petitioner has not explained why the

circumstances here are so unusual as to make the Attorney General and the Department of Homeland Security Secretary appropriate respondents.

The parties agree there is an appropriate respondent residing in the Western District of Louisiana: Mona Heyse, Deputy Warden of the Winn Correctional Center. (*See* Resps.' Mem. 2; Pet.'s Mem. 3–4). Officials within the Western District of Louisiana could therefore implement an order effectuating Petitioner's release. (*See* Pet.'s Mem. 3).

Petitioner fails to persuade that transfer to the Western District of Louisiana is inappropriate. Petitioner notes that Louisiana is in the Fifth Circuit, where precedent governing issues raised in this case is different from that in the Eleventh Circuit, which covers this District. (*See* Pet.'s Mem. 4–5). But Petitioner supplies no authority indicating that this fact renders transfer inappropriate, means that the court can effectuate relief should it determine the Petition is meritorious, or otherwise confers on the Court jurisdiction over this action.

The Court will therefore transfer this case to the district where Petitioner is presently detained. *Accord Gardner v. United States*, No. 23-cv-10077, 2023 WL 9316848, at *2 (N.D. Fla. Oct. 25, 2023) (when a section 2241 petitioner "has been redesignated to a prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held" (citations omitted)), *report and recommendation adopted*, 2024 WL 200899 (N.D. Fla. Jan. 18, 2024).

Accordingly, it is

**ORDERED** that the Clerk shall **TRANSFER** this case to the United States District Court for the Western District of Louisiana. Upon transfer, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of October, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**